IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Victoria J. Panchura, | ) | C/A No. 8:09-1014-JFA-BHH |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Michael J. Astrue, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Victoria Panchura, brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying her claim for supplemental security income (SSI) and disability insurance benefits (DIB) under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–433, 1381–1383c.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that the Commissioner's decision to deny benefits is not supported by substantial evidence. The Magistrate Judge opines that the decision should be reversed and remanded for reassessment of the plaintiff's depression.

The parties were advised of their right to submit objections to the Report and Recommendation which was filed on May 19, 2010. The Commissioner has filed objections to the Magistrate Judge's suggestion of remand. The plaintiff has not objected to the Report.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

It thus appears that this matter is ripe for review.

PROCEDURAL HISTORY

The plaintiff applied for DIB and SSI on February 27, 2006 alleging disability as of December 17, 2002 due to the amputation of her lower left leg as a result of a motorcycle accident. The plaintiff was 42 years old at the time of the Administrative Law Judge's (ALJ) decision. She has a high school education and past work experience as a sales clerk, night club entertainer, and janitor.

The plaintiff's applications were denied initially and on reconsideration. The Administrative Law Judge (ALJ) held a hearing and later issued a decision on September 17, 2008, concluding that the claimant was not disabled. Once approved by the Appeals Council, the ALJ's decision became the final decision of the Commissioner. Plaintiff thereafter filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner.

STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is narrowly tailored "to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). Section 205(g) of the Act provides, "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive. . ." 42 U.S.C. § 405(g). The phrase "substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial

evidence.'

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir.1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.1966)). In assessing whether there is substantial evidence, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301–1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2004). This determination of a claimant's disability status involves the following five-step inquiry: whether (1) the claimant is engaged in substantial activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in Appendix I of 20 C.F.R. Part 404, subpart P; (4) the claimant can perform [his or] her past relevant work; and (5) the claimant can perform other specified types of work. *Johnson v. Barnhart*, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520(a)(4)(i)–(v) (2005)).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the

claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that a claimant could perform. *See Walls*, 296 F.3d at 290. This determination requires a consideration of "whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job." *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981). If the claimant is found to have the ability to adjust to other work, the Commissioner will not find him disabled. 20 C.F.R. § 404.1520(g)(2).

## Discussion

### *The ALJ's Findings*

In his decision of September 17, 2008, the ALJ made the following findings: At Step 1, the ALJ found that the plaintiff had not engaged in substantial gainful activity since her alleged onset date. At Step 2, the ALJ found that the plaintiff had an amputation below-the-knee on the left, an impairment that was "severe" pursuant to the regulations. At Step 3, the ALJ found that plaintiff did not have an impairment that met or equaled an impairment listed. At Step 4, the ALJ found that plaintiff had the residual functional capacity (RFC) to perform the full range of sedentary work, which precluded her from performing her past relevant work. At Step 5, the ALJ found that plaintiff could perform a significant number of jobs in the national economy and, therefore, was not disabled.

### *The Plaintiff's Argument*

The plaintiff contends that the ALJ erred by (1) not finding that her depression, cervical radiculopathy, and carpal tunnel syndrome were severe impairments; (2) not finding

4

that her leg amputation met or equaled Listing § 1.05B; (3) not properly evaluating the credibility of her subjective complaints; and (4) failing to obtain VE testimony.

*The Magistrate Judge's Report and Recommendations*

The Magistrate Judge recommends remand of this action so that the ALJ can reassess the plaintiff's depression impairment and possibly retain a Vocational Expert (VE) if plaintiff's depression is found severe, to determine the non-exertional limitations on her ability to perform a full range of work.

Specifically, the Magistrate Judge suggests that the ALJ did not properly apply, at Step Two, the special technique found at 20 CFR § 404.1520a when the ALJ did not find the plaintiff had a severe mental impairment. The Commissioner takes exception to this finding and asserts that the ALJ's decision was supported by substantial evidence.

*The Commissioner's Objections to the Report*

The Commissioner argues that the ALJ's conclusion that plaintiff did not have a severe mental impairment was based on his findings that plaintiff had never sought psychiatric treatment; that plaintiff only took anti-depressant medications prescribed by her pain management and primary care physicians; and that plaintiff's depression and dysthymic disorder did not result in any restrictions of her activities of daily living. The Commissioner contends that these findings led the ALJ to his conclusion that the evidence showed that plaintiff's depression had no more than a minimal effect on the plaintiff's ability to perform basic work activities and are non-severe impairments. The Commissioner contends that the ALJ properly applied the special technique found at 20 CFR § 404.1520a.

The Magistrate Judge correctly notes that when a claimant alleges a mental impairment, the Social Security Administration "must follow a special technique at every level in the administrative review process." 20 CFR §§404.1520a(a) and 416.920a(a). The Magistrate also notes that reliance on the grids is precluded where the claimant suffers from a non-exertional impairment. *Smith v. Schweiker*, 719 F.2d 723, 725 (4th Cir. 1984). However, "not every such limitation or associated malady rises to the level of a non-exertional impairment, so as to preclude reliance on the Grids." *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989).

Here, the ALJ found use of the Grids proper because he had determined that the plaintiff's depression was not a "severe" non-exertional impairment. Moreover, the ALJ found that the plaintiff has the functional capacity to perform the demands of a full range of sedentary work.

Despite a suggestion of remand on this issue, the Magistrate Judge noted in the Report that the ALJ did not ignore these observations, and that his assessment was fairly reasonable and "not one actually rejoined by the plaintiff." Moreover, the Magistrate Judge suggests that "the plaintiff has not actually identified any limitations created by the depression" and that the plaintiff has not cited any evidence of how her depression actually affects her ability to work. The ALJ went through all of the steps of the "Special Technique" regarding the medical evidence of plaintiff's depression. The ALJ's assessment must consider how the depression interferes with her ability to function independently, appropriately, and effectively on a sustained basis in these four areas: activities of daily living; social functioning; concentration; persistence or pace; and episodes of decompensation. The ALJ found the

6

plaintiff only took antidepressants from her pain management and primary care physician, not a psychiatrist. The ALJ noted that the plaintiff has been riding a bike, chasing her toddler, took a job in retail, goes to the beach, manages her day-to-day needs independently, takes care of a 3-year-old, runs, walks her dog, prepares meals, makes arts and crafts, goes to church, spends time with friends, and that she has had no communication or comprehension difficulties, no remarkable behaviors, normal attention, and no significant intellectual deficits to present a barrier to employment.

This court finds that the ALJ properly considered all of the standards and that the ALJ's decision in not finding the plaintiff's depression to be a severe impairment was based on substantial evidence.

CONCLUSION

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the Commissioner's objections thereto, this court finds that the ALJ's decision was supported by substantial evidence and that the ALJ did not incorrectly apply the law in his decision. The court adopts the Magistrate Judge's Report and Recommendation with the exception of the suggestion of remand

to the ALJ for reassessment of the severity of plaintiff's depression.

Accordingly, the Commissioner's decision is hereby affirmed.

IT IS SO ORDERED.

September 7, 2010
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge